Filed 7/20/26  P. v. Demarco CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE, <br>     Plaintiff and Respondent, <br><br> v. <br><br> JOSEPH PAUL DEMARCO, <br>     Defendant and Appellant. | C103726 <br><br> (Super. Ct. No. 24FE010318) |

Defendant Joseph Paul Demarco was convicted of murder, unlawful discharge of a firearm from a motor vehicle, and several counts of unlawful possession of a firearm.  At sentencing, the trial court imposed sentence on a Penal Code[1] section 12022.53, subdivision (c) firearm enhancement related to his offense of discharging a firearm from a motor vehicle.  (§ 26100, subd. (c).)  The parties agree, as do we, that the court was not statutorily authorized to impose a section 12022.53, subdivision (c) enhancement for a section 26100 offense.  We vacate defendant's sentence and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

The prosecution charged defendant with murder, unlawful discharge of a firearm from a motor vehicle, and eight counts of unlawful possession of a firearm.  As to the murder charge, the prosecution alleged defendant personally and intentionally discharged

---

[1]     Undesignated section references are to the Penal Code.

1

a firearm causing great bodily injury or death, intentionally killed the victim by discharging a firearm from a motor vehicle, and intentionally killed the victim because of the victim's race.  As to the unlawful discharge of a firearm from a motor vehicle charge, the prosecution alleged defendant personally and intentionally discharged a firearm and committed the crime because of the victim's status and perceived ethnicity.  (§§ 422.75, subd. (a), 422.55, subd. (a)(4).)  The prosecution further alleged defendant had a prior strike conviction and alleged several aggravating factors under California Rules of Court, rule 4.421(a)-(b).

The jury found defendant guilty of all counts and found true all the alleged special circumstances and enhancements.  In a bifurcated trial, the trial court found true the prior strike conviction allegation and several aggravating factors.  The court sentenced defendant to an aggregate term of life in prison without parole, 25 years to life, plus 47 years eight months, which included a 20-year term for the firearm enhancement related to the discharge of a firearm from a motor vehicle count.

Defendant appeals.

DISCUSSION

We review the trial court's sentencing decisions for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  In deciding whether the trial court has abused its discretion, "we note that when a trial court's decision rests on an error of law, that decision is an abuse of discretion." (*People v. Superior Court* (*Humberto S.*) (2008) 43 Cal.4th 737, 746.)

Section 12022.53, in relevant part, sets forth escalating additional and consecutive penalties, beyond that imposed for a substantive crime, for the use of a firearm in the commission of specified felonies.  (§ 12022.53, subds. (a)-(d).)  Section 12022.53, subdivision (c) mandates the imposition of a 20-year term for the personal and intentional discharge of a firearm in the commission of one of the section 12022.53, subdivision (a) felonies, which does not include section 26100.

2

Here, the jury found true the section 12022.53, subdivision (c) enhancement related to defendant's conviction for discharging a firearm from a motor vehicle pursuant to section 26100, subdivision (c). Therefore, the trial court was not authorized to impose a term of 20 years pursuant to section 12022.53, subdivision (c) and imposition of that enhancement was an abuse of discretion, which resulted in an unauthorized sentence.

The People suggest this court can modify the sentence and impose a lesser included section 12022.5, subdivision (a) enhancement of 10 years. We decline.

Section 12022.5, subdivision (a) provides that the enhancement does not apply if firearm use is an element of the underlying offense, which precludes its application to the crime of discharging a firearm at an occupied vehicle. (*People v. Kramer* (2002) 29 Cal.4th 720, 723, fn. 2; *People v. Tirado* (2022) 12 Cal.5th 688, 700, fn. 12.) As such, we remand the case to the trial court for resentencing.

### DISPOSITION

Defendant's sentence is vacated and the matter is remanded for a full resentencing consistent with this opinion. The judgment is otherwise affirmed.

/s/ _____
ROBIE, Acting P. J.

We concur:

/s/ _____
MESIWALA, J.

/s/ _____
WISEMAN, J.[*]

_____

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.